Mr. Doherty has appealed from the making and entering of a decree in this cause, upon the ground, as I understand it, that no proofs were taken. This is so, and I so certify.
The reason for not requiring proofs was as follows: The bill was filed by the city of Bayonne to restrain any action *Page 480 
at law by the several defendants who were claimants for a fund which the city recognized itself to be under a legal obligation to pay to one or more of the defendants, and it prayed to be relieved of the fund by being permitted to deposit it with the clerk of this court. After the money had been deposited and the complainant discharged, the defendants all interpleaded. Mr. Doherty attempted to set up an equitable assignment to a portion of the fund, while the other defendants denied his right to any portion thereof. On the day set for final hearing there was delivered to the court a letter, of which the following is a copy:
"NOVEMBER 1st, 1926. Hon. John Bentley, Vice-Chancellor, Chancery Chambers, Jersey City, N.J.
BAYONNE v. DOHERTY ET AL.
Dear Vice-Chancellor Bentley:
The above interpleader has been set down for final hearing by you for November 3d, and a recent development in the matter convinces me that the filing with you of the enclosed disclaimer is indicated.
The statement of claim filed by me set up an equitable assignment of the fund to the extent of fees for services rendered in connection with the production of the fund. An action at law to recover such fees was started about six months before the filing of the interpleader, and last week the same came to trial in the Hudson County Circuit Court and was fully heard on the merits of reasonable compensation and the contention of a counter-claim that the amount already paid to me was chargeable with disbursements that the defendant alleged I should make.
The jury's verdict was against both my contention that there was a balance still due and against the defendant's contention that the amount paid to me was in anywise charged with a trust to disburse. In the light of this outcome I fail to see how I have any claim on the fund paid into court. I know that had the jury's verdict been to the contrary I would vigorously contend that the finding of fact was binding upon you, and equity requires me to concede the same result as against myself.
Might I, therefore, ask you to receive and file the enclosed disclaimer and permit the matter to proceed without further molestation from myself. Should the matter of costs be suggested, might I invite you to consider that I was brought into the matter as a defendant who had already instituted the legal proceedings, and that upon the resolution of the facts in the latter case I hasten to withdraw from the present matter. *Page 481 
I am presuming to communicate with you in this informal manner because of November 3d being the opening day of the federal court, at Newark, where I have a very pressing matter requiring personal attendance, and feel that you will indulge me to the extent of dispensing with a personal appearance before yourself.
 Yours very truly, RICHARD DOHERTY."
Upon the reading of this letter in open court, the remaining parties agreed completely upon the division of the fund, to the last cent, and upon their agreement and stipulation a decree was made. If any proofs are to be required in a decree which embraces the expressed wishes of all the parties to the suit with any interest therein at the time of final hearing, I shall have to revise my notion of the practice of this court in that regard. It is done in hundreds of cases, and I have never known of the validity of such a decree being questioned. It is not similar to granting a decree without any proofs after answer filed and upon the failure of the defendant to appear at the time and place designated for the final hearing. In cases such as the one subjudice, the parties first appeal to the court, but later say, "We have settled our differences but require a decree," in this instance, to release the grasp of the clerk upon the fund.
The main complaint that Mr. Doherty has, I assume, is that portion of the decree which makes him liable to pay costs. I did consider, as I was requested by him to do, his argument that he was brought in as a defendant, but his haste to withdraw was not manifest until his position was rendered absolutely untenable, as he himself admits in the foregoing letter, by the verdict of the jury at the circuit. He, by his concise statement (filed pursuant to the sixtyninth rule of this court), prolonged the litigation for months after the dismissing of the complainant from the litigation. Every effort upon the part of the other counsel to bring the matter to final hearing was resisted by him, appearing for himself, for a long time. The other contesting parties were put to the expense of preparing for the final hearing. Then he undertook to relinquish any claim to the fund. It *Page 482 
seems to me that under those circumstances it is only necessary to consider Deacon v. Deacon, 7 Sim. 378, upon which is based the following quotation from 1 Dan. Pl. Pr. [*]709:
"Where a defendant had occasioned the suit, in consequence of a claim to the fund set up by himself, which he refused to release or to verify, and afterwards put in a disclaimer, stating in his answer the facts upon which he had supposed himself to be entitled, as a ground for his not being ordered to pay the costs of the suit, which were prayed against him, in consequence of which the plaintiff examined a great number of witnesses to falsify such statement, but no witnesses were examined by the defendant, he was ordered to pay the whole costs of the suit, as well as the plaintiff's costs, as the costs which the plaintiff was ordered to pay to the co-defendants."